## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**LYNDELL JOHNSON**

              **Petitioner,**

    **v.**

**THOMAS MCGINLEY,** *et al.*

             **Respondents.**

**CIVIL ACTION NO. 18-2885**

## ORDER

**AND NOW,** this 2nd day of October 2020, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, and all related filings, and upon review of the Report and Recommendation (R&R) of United States Magistrate Judge Richard A. Lloret, to which no objections have been filed, it is hereby **ORDERED** that:

1.    The R&R [Doc. No. 16] is **APPROVED** and **ADOPTED** as set forth herein[1]; and

2.    The Petition will be dismissed by separate Order.

It is so **ORDERED**.

                     **BY THE COURT:**
                     **/s/ Cynthia M. Rufe**

                     _____
                     **CYNTHIA M. RUFE, J.**

---

[1] The Court approves the very thorough R&R, which explained why the Petition must be dismissed. As the R&R concluded, Petitioner's claims regarding the castle doctrine were procedurally defaulted or otherwise not reviewable in this Court. Even if the claim were reviewable, Plaintiff could not rely on the castle doctrine as a defense at trial because he was not in legal possession of the firearm used in the shooting. *See Commonwealth v. Cannavo*, 199 A.3d 1282 (Pa. Super. Ct. 2018). The Court also agrees with the R&R's conclusion that the claims of ineffective assistance of counsel were procedurally defaulted or without merit, or both. The R&R carefully explained how the state court incorporated the federal constitutional standards relating to due process into its review of the claim. Although the state courts did not specifically mention Petitioner's claim that the reference to pretrial detention violated his right to due process under the United States Constitution, the Pennsylvania law cited by the Superior Court in reviewing Johnson's claim incorporated the standards under the federal constitution, and thus the federal claim was adjudicated on the merits for purposes of *Johnson v. Williams*, 568 U.S. 289 (2013). Moreover, the Superior Court's decision did not conflict with or unreasonably apply federal law in rejecting the claim, as it reasonably determined that testimony that Petitioner's brother did not see him between the incident and the trial did not constitute a direct reference to pretrial detention, and certainly did not emphasize the fact of such detention to the jury. In approving the R&R, the Court does not find it necessary to reach the R&R's determination that there does not appear to be a clearly established federal rule that references to pretrial detention may violate due process.